UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN J. RICHSON-BEY,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 1:23-cv-00566-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner, proceeding pro se, filed a notice of removal of a state court prosecution from the Kings County Superior Court to the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1455. Because it appears that removal should not be permitted, see 28 U.S.C. § 1455(b)(4),[1] the Court recommends that the case be summarily REMANDED to state court.

**DISCUSSION**

Petitioner alleges that on March 20, 2023, he was arraigned in Kings County Superior Court on an unstated charge. (Doc. 1 at 11.) He states he has attended two preliminary hearings

---

[1] When a notice of removal is filed, a district court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

1

and has contested jurisdiction as well as the appointment of counsel. (Doc. 1 at 4-5.) He argues that removal is proper under 28 U.S.C. § 1455 because treaties and federal statutes are implicated and he is a "Moorish American National," allegedly not subject to the state court's jurisdiction. (Doc. 1 at 3-5.)

Section 1455(a) authorizes a defendant in a criminal prosecution from a state court to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Serv. LP, 533 F.3d 1031, 1034 (9th Cir. 2008)); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).

Section 1455(b) imposes two requirements on defendants removing criminal prosecutions:

(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b)(1)-(2).

Petitioner states he was arraigned on March 20, 2023, and the petition was filed on April 11, 2023. It therefore appears that the removal is timely. The case nevertheless must be

remanded because Petitioner has not articulated legitimate grounds for removal, as required by § 1455(b)(2).

Petitioner relies on various federal statutes and treaties which do not entitle him to removal.  State court criminal prosecutions may only be removed to federal courts in limited circumstances.  Three provisions, none of which Petitioner cites, authorize the removal of such actions: 28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and § 1443 ("Civil Rights Cases"). Sections 1442 and 1442a are inapplicable because Petitioner does not allege that he is a federal officer or a member of the armed forces who is being prosecuted for an act done under color of the office. Nor does Petitioner cite § 1443 or claim that his prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Petitioner has failed to comply with § 1455 or establish a basis for removal, and summary remand is appropriate. See 28 U.S.C. § 1455(b)(4).

**RECOMMENDATION**

The Court hereby RECOMMENDS that the case be remanded to the Kings County Superior Court.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

/////

/////

1   U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to
2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **April 14, 2023**                          /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE